Matter of Ferra v Paramount Global

2026 NY Slip Op 02488

April 23, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of Jorge Ferra, Respondent,

v

Paramount Global et al., Appellants. Workers' Compensation Board, Respondent.

Decided and Entered:April 23, 2026

CV-25-0176

Calendar Date: March 25, 2026

Before: Garry, P.J., Reynolds Fitzgerald, Powers, Mackey And Ryba, JJ.

Hamberger & Weiss LLP, Buffalo (John D. Land of counsel), for appellants.

Grey & Grey, PLLC, Farmingdale (Erin K. McCabe of counsel), for Jorge Ferra, respondent.

Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.

[*1]

Reynolds Fitzgerald, J.

Appeal from a decision of the Workers' Compensation Board, filed January 2, 2025, which, among other things, ruled that claimant did not violate Workers' Compensation Law § 114-a.

On October 24, 2022 at approximately 9:00 p.m., claimant was driving from his home in New Jersey to a job assignment in the City of Buffalo, Erie County, when he was involved in a minor motor vehicle accident with another vehicle as they were both attempting to change lanes. Although claimant was not injured and there did not appear to be any physical damage, he pulled to the shoulder of the road and exited his vehicle to speak with the other driver. Claimant returned to his vehicle and, while sitting in his vehicle attempting to document some information, his vehicle was hit by a third vehicle, resulting in serious injuries to claimant. Upon treatment at the hospital, a toxicology screening disclosed that claimant had a blood alcohol level of .18, reflecting that he was legally intoxicated. Claimant thereafter applied for workers' compensation benefits and, following a hearing at which claimant testified and did not challenge the toxicology report, the Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant was injured in an accident arising out of and in the course of his employment and that the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) failed to establish that claimant's intoxication was the sole reason for the accident. As such, the claim was established for various injuries and an award of benefits made. The Workers' Compensation Board affirmed that decision, which decision was affirmed by this Court on appeal (236 AD3d 1267 [3d Dept 2025], lv denied 44 NY3d 906 [2025]).

Shortly thereafter, the carrier filed a request for further action — relying on a toxicology analysis of claimant's blood alcohol level at the time he was treated at the hospital following the motor vehicle accident — and raised an issue of fraud in violation of Workers' Compensation Law § 114-a, seeking, among other things, that claimant's benefits be suspended based upon allegations that claimant perjured himself during his initial testimony regarding when he last consumed alcohol prior to the motor vehicle accident in furtherance of his claim for benefits. At the ensuing hearing, the WCLJ, as relevant here, declined to entertain the Workers' Compensation Law § 114-a request, noting that the issue of claimant's intoxication had previously been litigated. To the extent relevant here, the Board, in a decision filed January 2, 2025, found that the carrier presented no persuasive reason, inclusive of the toxicology analysis report, to litigate the alleged Workers' Compensation Law § 114-a violation as claimant admitted to drinking prior to the motor vehicle accident and his intoxication was considered in the establishment of the claim. Finding no compelling evidence of material fraud, the Board affirmed the WCLJ's decision. The [*2]carrier appeals.

We are unpersuaded by the carrier's assertion that the Board erred in finding insufficient proof demonstrating a Workers' Compensation Law § 114-a violation. Although the carrier asserts that claimant denied consuming any alcohol the day of the motor vehicle accident, a more thorough reading of the record reveals that claimant, in fact, admitted to consuming alcohol the morning thereof. Specifically, claimant initially stated that he last consumed alcohol during a celebration at home the evening before the motor vehicle accident; however, upon further inquiry, claimant affirmatively acknowledged that he had consumed alcohol the morning of the motor vehicle accident. Even if claimant was not fully forthcoming as to the extent of when he last consumed alcohol, the record nevertheless belies that carrier's assertion that he denied any alcohol consumption on the date of the motor vehicle accident (compare Employer: Las Vegas Sports Bar Inc., 2010 WL 5114077, *1-3, 2010 NY Wrk Comp LEXIS 10280, *1-7 [WCB No. 2080 52236, Dec. 9, 2010]). Although compensability of a claim where intoxication is an issue does not necessarily preclude the possibility of a Workers' Compensation Law § 114-a violation (see e.g. id.), here, in light of claimant's admission during his hearing testimony that he had been drinking prior to the motor vehicle accident, we find that substantial evidence supports the Board's decision that there was no compelling evidence of material fraud to support a Workers' Compensation Law § 114-a violation, as such issue was essentially determined when, in crediting claimant's testimony and finding that intoxication was not the sole cause of the accident, the claim was established (see e.g. Matter of Harmon v Faxton Sunset St. Luke's Health Care Ctr. Inc., 242 AD3d 1288, 1290 [3d Dept 2025]).

Garry, P.J., Powers, Mackey and Ryba, JJ., concur.

ORDERED that the decision is affirmed, without costs.